AULTMAN, MILLER & COMPANY, Appellant, v. ROEMER BROS. *et al.*

**Contract to Redeem Notes:** SOLVENCY OF MAKERS: *Responsibility under contract.* Where defendant sold goods on commission for plaintiff, and agreed to redeem all notes taken by them in payment which were not signed by responsible persons, an instruction that if, at the time the notes were given, the maker or makers were in fact persons of well known respon-

sibility, but since became insolvent, such insolvency would not render defendants liable, was proper.

CONSTRUCTION OF "ANY TIME": *Contract to redeem notes.* Where defendant sold goods for plaintiff on commission, and agreed to redeem all notes taken in payment "if at any time plaintiff should learn that such notes were not signed by responsible persons," and plaintiff did not bring suit to enforce the liability of defendant for notes taken in 1894, 1895 and 1896 until 1898, and there was evidence that plaintiff had early information that some of the notes were not signed by responsible persons, an instruction that "if at any time," as used in the contract, should be construed to mean within a reasonable time, was proper.

Settlement: EXECUTING NOTE: *Instructions.* Where defendants sold goods for plaintiff on commission, and agreed to redeem all notes taken in payment which were not signed by responsible persons, and there was evidence that they had made a settlement with plaintiff and executed their notes for the balance, it was proper to instruct the jury as to the effect of such settlement, and the presumption arising from the giving of the notes.

Appeal: WITHDRAWAL OF EXHIBITS: *Estoppel to complain of.* Plaintiff cannot first urge as error, on appeal, the action of the trial court in allowing defendants to withdraw certain exhibits from the evidence.

CURING ERROR BY INSTRUCTIONS. Error in admitting evidence tending to vary the terms of a written contract was cured by an instruction taking such evidence from the consideration of the jury.

*Appeal from Franklin District Court.*—HON. S. M. WEAVER, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION on contracts of guaranty. Trial to a jury. Verdict and judgment for defendants. Plaintiff appeals.—*Affirmed.*

*Taylor & Evans* for appellant.

*E. P. Andrews* for appellees.

SHERWIN, J.—The plaintiff is a manufacturer and wholesale seller of agricultural implements, and the defendants Roemer Bros. were engaged in the sale of such implements in Hampton, Iowa. In the years 1894, 1895, and 1896 the defendants handled and sold on commission farm machinery furnished them by plaintiff. Separate written agreements were entered into by the parties for each of these years. They all contained stipulations, in substance, that no time sales should be made without security, except to persons of well-known responsibility and of good reputation for the payment of their debts, "and, if at any time the party of the first part shall learn that * * * any of said notes were not signed by persons of well-known responsibility, then the party of the second part agrees to redeem all such notes." This action is to recover on notes that were claimed to be worthless when taken.

The appellant complains of the admission of testimony tending to vary the terms of the written contracts referred to. We think there was testimony of this character admitted, but all such testimony was expressly taken from the consideration of the jury by the court in one of its instructions; and we see nothing in the record indicating that this instruction did not remove from the case any prejudicial error committed in receiving the testimony.

II. The court permitted the defendants to withdraw from the evidence certain exhibits they had offered. The plaintiff cannot justly complain of this. If it desired to have them before the jury, there was a plain and easy way of getting them there.

Complaint is made of the following instruction: "If at the time any of said notes were given the maker or makers were in fact persons of well-known responsibility, but since became insolvent, such insolvency would not render the defendants liable for the redemption of such notes." We think the instruction correct. Before

plaintiff could recover at all, it must prove the converse of the proposition therein stated, because it was the foundation of its action, and there was testimony, though perhaps very weak, tending to show that all the makers of the notes sued on were not, at the time of signing, wholly insolvent; and in the absence of any testimony on the subject, we think solvency would be presumed.

The defendants pleaded an accounting and settlement with the plaintiff, and that they gave their notes for the balance due, and also turned over to it notes as collateral thereto. There was evidence tending in some degree, at least, to support this defense. The court covered this issue by proper instructions as to the effect of a full and complete settlement, and the presumption arising from giving a note. We think the issue and the evidence required the instructions given.

The court instructed the jury that the words used in the contracts, "if at any time the plaintiff shall learn that the notes were not signed," etc., should be construed to mean within a reasonable time; and objection is made thereto. This action covered notes which were taken in 1894, 1895, and 1896. There was testimony tending to show that as to some of the notes, at least, plaintiff had early information that the makers were not of the class required by the contracts, and still made no claim for the redemption of such notes until in 1898. The plaintiff contends that it was not bound to do so as long as the statute of limitations protected the contracts. All of these contracts were intended to be of mutual benefit to both plaintiff and the defendants. The defendants were placing the plaintiff's goods on the market, and receiving a commission for their labor, and upon them primarily rested the duty of using care in making sales of goods. The plaintiff agreed to accept good notes in exchange therefor, and it was mutually agreed that, whenever it was found that the notes turned over to the

plaintiff were not of the standard fixed, they should be re-·
deemed by the defendants.  Taking the contracts in their en-
tirety, we are led to the conclusion that the district court
gave the words the construction which the contracts them-·
selves indicate the parties intended.

There was no reversible error in refusing to strike a
single answer which stated a conclusion merely.  The judg-
ment is AFFIRMED.